**Linda WRIGHT, Plaintiff,**

v.

**The FIRESTONE TIRE AND RUBBER COMPANY, Defendant.**

**Civ. A. No. C 81–0504 L(A).**

United States District Court,
W. D. Kentucky,
Louisville Division.

March 24, 1982.

---

Eric M. Lamb, Louisville, Ky., for plaintiff.

Kenneth S. Handmaker, Louisville, Ky., for defendant.

## MEMORANDUM AND ORDER

ALLEN, Chief Judge.

This matter is before the Court as a result of a discovery dispute. Defendant has moved to assign the taking of the deposition of plaintiff before the Court and for an award of attorney fees. On two previous occasions, plaintiff has appeared for the taking of her deposition. The Court has read the transcripts of these sessions and observes that plaintiff made a good faith attempt to completely answer all questions posed by defendant's counsel. The Court detects no indication whatsoever that plaintiff has personally obstructed the discovery process or has otherwise failed to fully fulfill her duties as a deponent and as a litigant in responding to discovery requests. Accordingly, it would be improper to assess against plaintiff herself attorney fees in connection with this dispute.

▇ Thus, the dispute appears to be between counsel. There is no question that plaintiff exercised an unusually high degree of control over the depositions, which were noticed by and taken for the benefit of defendant. In particular, plaintiff's counsel repeatedly recorded objections on grounds of relevancy, an objection which has no place in discovery unless the questioning enters the realm of harassment or embarrassment. We cannot say that the questions in these deposition sessions appear to be for the purpose of harassment or embarrassment. Objections on grounds of relevancy are automatically preserved for trial without the necessity of notation on the record.

▇ Further, counsel for plaintiff repeatedly interjected inquiries into the meaning of defendant's questions despite any indication from the witness that the questions were unclear. Repeated interchanges of this nature between counsel are not within the spirit of discovery as embodied in the Federal Rules of Civil Procedure.

▇ It also appears that plaintiff's counsel interposed objections when questions were asked relating to the factual bases of allegations in the complaint, asserting either that these matters involve interpretation of legal terms or that they are protected by the attorney-client privilege. Information itself is not protected by the privilege simply because it may have been conveyed to counsel. We see no question which asked for the content of any privileged discussion with counsel. The questions do not appear to have been designed to determine the answer to the question, "What did you tell your lawyer?" but rather to answer the question, "What are you telling the Court?"

▇ It is also true that a litigant may properly use discovery to learn the facts which form the basis of legal contentions. It is hardly proper to demand that a layperson be familiar with the legal implications of particular terminology, but words such as "intent" or "deliberate" are not strictly terms of art. Explanations of a layperson's use of such terms is generally a matter for counsel to explore with the witness on cross-examination rather than a basis for objecting to the questions. We note, however, that questions regarding why particular terminology was used in a legal pleading prepared with the assistance of counsel may be challenging or intimidating. Such considerations would be part of an overall assessment of whether discovery is undertaken for the purpose of embarrassment or harassment.

▇ We must agree in part with plaintiff's counsel's assertion that some of defendant's questioning was repetitive, although upon some occasions this may have been due to the problem of maintaining continuity despite unwarranted interruptions by plaintiff's counsel. Some of the information sought might have been earlier learned through interrogatories, but there is no requirement that counsel use any particular discovery method simply because it may be more effective. Overall, we cannot agree with plaintiff that the depositions which have been conducted were for the purpose of harassment.

▇ The Court concludes that plaintiff's counsel has obstructed discovery without substantial justification, and that an order directing plaintiff's counsel to pay defendant's costs in connection with the motion to compel is appropriate. While we would ordinarily conduct a hearing prior to making such a determination, the facts of this dispute are entirely a matter of record, appearing on the face of the transcripts of the depositions. Accordingly, a hearing would be an unnecessary expense for all concerned.

We believe that both plaintiff and defendant are represented by competent professional officers of the Court, who are capable of conducting remaining discovery without direct Court monitoring. Accordingly, defendant's request that the deposition of plaintiff be assigned for taking before the Court will be denied. Upon request, however, the Court Library will be made available for the taking of any further deposition of plaintiff so that any serious disputes, in the unlikely event that any should arise, could be resolved without the necessity of a further continuance.

For the reason recited herein,

IT IS ORDERED that defendant's motion to assign the taking of plaintiff's deposition before the Court be and it is hereby overruled.

IT IS FURTHER ORDERED that plaintiff's counsel shall pay to defendant expenses incurred in prosecuting its motion pursuant to Federal Rule of Civil Procedure 37(a), in an amount to be determined by the Court.

IT IS FURTHER ORDERED that defendant shall, within fifteen (15) days of the date of this order, submit an affidavit itemizing the expenses to be paid pursuant to this order.